**IN THE UNITED STATES DISTRICT COURT**
**for the**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| JAMES E. STEEN,<br><br>Plaintiff,<br><br>v.<br><br>ANNE L. PRECYTHE, GEORGE LOMBARDI, TOM VILLMER, and JOHN / JANE DOE 1through 50,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>Jury Trial Demanded |

**CIVIL RIGHTS COMPLAINT**

COMES NOW Plaintiff, James E. Steen, by and through his attorneys, Cira R. Duffe and Brice R. Sechrest, and for his causes of action against Defendants states that:

1. Plaintiff is an individual residing in St. Francois County, Missouri.

2. Defendants Anne L. Precythe and George Lombardi are sued in their individual capacity, and may be served at their place of employment, the Missouri Department of Corrections, 2729 Plaza Drive, Jefferson City, Missouri 65102.

3. Defendant Tom Villmer is sued in his individual capacity, and may be served at his place of employment, the Farmington Correctional Center, 1012 West Columbia Street, Farmington, Missouri 63640.

4. The true names of the Defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the negligent acts / deliberate indifference, for the injuries and damages alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names of the DOE Defendants when such identities become known.

5. At all times relevant to Plaintiff's claims herein, each of the Defendants was engaged in duties / functions / procedures required by their employer, the Missouri Department of Corrections with actual / constructive knowledge and consent of each of the Defendants.

6. This Court has jurisdiction pursuant to 42 U.S.C. 1983 and the Eighth Amendment.

**COUNT I**
**Breach of Duty to Protect from Violence**

7. Paragraphs 1 through 6 are referenced, incorporated and realleged.

8. At all relevant times, the Plaintiff was incarcerated by the Missouri Department of Corrections ("DOC") in the Farmington Correctional Center, which is located in St. Francois County, Missouri.

9. The occurrences that form the basis of Plaintiff's claims occurred within the physical structure of the Farmington Correctional Center.

10. Due to the injuries sustained by Plaintiff, as set forth below, coupled with his transfer to another prison by the Missouri Department of Corrections, Plaintiff was prevented from seeking administrative remedies.

11. The Plaintiff was not required to seek administrative grievance or exhaust administrative remedies for his allegations of sexual abuse, pursuant to the Missouri Department of Corrections Department Procedure Manual regarding offender sexual abuse and harassment.

12. In May, 2013, Plaintiff was placed in the Administrative Segregation Unit at Farmington Correctional Center.

13. Plaintiff was placed in a cell with an inmate named Casper.

14. Plaintiff was in Administrative Segregation housed with Casper for approximately 20 days, maybe more.

15. During the entire time none of the Defendants observed Plaintiff, checked on him, or spoke to him.

16. On the fifth day of Plaintiff's confinement Casper started beating him.

17. On the sixth day of Plaintiff's confinement Casper started raping him orally and anally, and this continued on a daily basis for the remainder of his time in Administrative Segregation.

18. After the fifth day of Plaintiff's confinement his face was swollen from the beatings Casper inflicted on him for the remainder of his time in Administrative Segregation.

19. Casper would force Plaintiff to bend over and then he would shove foreign objects into Plaintiff's rectum and yell at Plaintiff "guess what's inside of you". If Plaintiff guessed wrong, Casper would shove it up his rectum further.

20. Casper deprived Plaintiff of food and drink, instead, Casper forced Plaintiff to drink urine and eat feces.

21. Casper would place an object in a sock [e.g. deodorant container] and, using it like a whip, would severely beat Plaintiff's penis, testicles, face, ribs, and the bottom of his feet.

22. Casper yelled from his cell, bragging about what he had been doing to Plaintiff. Finally, only after other inmates reported it to the correctional staff and correctional officers, they subsequently removed Plaintiff from the cell.

23. During the fifteen plus days that Plaintiff was literally being tortured, as set forth above, no correctional officer, case worker, mental health worker or a member of the medical staff observed, checked on, spoke to or had any type of contact with the Plaintiff.

24. Plaintiff had the right to be secure from violence, the right to be free of assaults and victimization by other prisoners including being free from sexual assault and violence, threats of violence and torture.

25. Defendants' knew or should have known by the exercise of ordinary care that placing Plaintiff in Administrative Segregation in a cell with an inmate like Casper and leaving him unsupervised for a period of fifteen plus days would create a dangerous and unsafe condition for Plaintiff.

26. The action of Defendants created an unreasonable risk of harm and injury to Plaintiff.

27. Defendants were negligent in that they failed to take reasonable steps to protect Plaintiff from violence by failing to supervise Plaintiff.

28. Defendants were negligent in that they failed to follow their own procedures and perform their assigned duties to protect Plaintiff from violence.

29. As a direct and proximate result of Defendants' negligence as described herein, Plaintiff suffered the following injuries to his person:

    A. Post Traumatic Stress Syndrome with accompanying suffering;

    B. A broken nose with accompanying pain and suffering; and

    C. Injury to his body as a whole, including a broken jaw and genitalia, and accompanying pain and suffering.

30. As a direct and proximate result of the Defendants' negligence and the injuries to Plaintiff described herein, Plaintiff has incurred damages in the amount

of $25,000, and is reasonably certain to sustain additional expense and loss in the future on account of medical treatment and money expended for medication.

31. Plaintiff requests that the Court, in its discretion, pursuant to 42 U.S. Code sec. 1988(b) allow Plaintiff's attorneys' fees as part of the costs of this case.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, James E. Steen, prays for Judgment against Defendants in a sum that is fair and reasonable in excess of $25,000; an award of attorneys' fees; interest at the legal rate; costs of suit and for such other and further relief as the Court shall deem just and proper in the premises.

**Pleading in the Alternative**

**COUNT II**
**Eighth Amendment – Cruel and Unusual Punishment**

32. Paragraphs 1 through 31 are referenced, incorporated and realleged.

33. The Defendants' violation of the Plaintiff's Eighth Amendment rights, by acts / omissions, as set forth herein, was done objectively and was so serious that it denied Plaintiff of the minimal civilized measure of life's necessities.

34. The Defendants exhibited a deliberate indifference for the protection of Plaintiff from violence at the hands of Casper by failing to supervise Plaintiff and Casper and follow the procedures required by their employment by the Missouri Department of Corrections for such an extended period of time.

35. Defendants knew or should have known that their deliberate indifference in placing Plaintiff in Administrative Segregation in a cell with an inmate like Casper and leaving him unsupervised for a period of fifteen plus days would create a dangerous and unsafe condition for Plaintiff.

36. The Defendants' deliberate indifference to Plaintiff's safety created an unreasonable risk of harm and injury to Plaintiff.

37. Defendants' deliberate indifference as to the protection of Plaintiff from violence is exhibited by their failing to supervise Plaintiff and follow the procedures established by their employer, the Missouri Department of Corrections.

38. As a direct and proximate result of the Defendants' deliberate indifference, as described herein, Plaintiff suffered the following injuries to his person:

    A. Post Traumatic Stress Syndrome with accompanying suffering;

    B. A broken nose with accompanying pain and suffering; and

    C. Injury to his body as a whole, including a broken jaw and genitalia, and accompanying pain and suffering.

39. As a direct and proximate result of the Defendants' deliberate indifference and the injuries to Plaintiff described herein, Plaintiff has incurred damages in the amount of $25,000, and is reasonably certain to sustain additional expense and loss in the future on account of medical treatment and money expended for medication.

40. Defendants intentionally and unjustifiably interfered with the Plaintiff's right to exercise his administrative remedies.

41. As described herein, the Defendants intentionally committed wanton, willful and outrageous acts with knowledge aforethought and with reckless disregard for the consequences of their acts, exhibiting an evil motive and as a result thereof Plaintiff requests an award of punitive damages in the sum of $10,000,000.00 (ten million dollars).

42. Plaintiff requests that the Court, in its discretion, pursuant to 42 U.S. Code sec. 1988(b) allow Plaintiff's attorneys' fees as part of the costs of this case.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff Prays for Judgment against Defendants in a sum that is fair and reasonable in excess of $25,000; punitive damages; an award of attorneys' fees; interest at the legal rate; costs of suit; and for such other and further relief as the Court shall deem just and proper in the premises.

Respectfully submitted,

/s/ Cira R. Duffe
Cira R. Duffe MBE: 49540
Duffe Marler, LLC
406 E. Karsch Blvd.
Farmington, MO 63640
Telephone: 573-747-4815
Facsimile: 573-747-4940
duffe@duffemarler.com

/s/ Brice R. Sechrest
Brice R. Sechrest MBE: 59929
Law Office Of
Williams & Sechrest, P.C.
105 Science Street
Post Office Box 667
Park Hills, MO 63601
Telephone: 573-431-5592
Facsimile: 573-431-1478
brice@williamsandsechrest.com

ATTORNEYS FOR PLAINTIFF

**STATE OF MISSOURI** )
) **SS:**
**COUNTY OF ST. FRANCOIS** )

COMES NOW Plaintiff, James Steen, being of lawful age and after being duly sworn, states that he has read the foregoing Civil Rights Complaint and that the facts stated therein are true and correct according to the best of his knowledge, information and belief.

X James Steen
James Steen, Plaintiff

Subscribed and sworn to before me, a Notary Public, this 10th day of January, 2017.

Earl L Brewer
Notary Public

My Commission Expires:

EARL L BREWER
Notary Public, Notary Seal
State of Missouri
St. Francois County
Commission # 16542113
My Commission Expires August 10, 2020